CHANDLER, Justice,
dissenting:
¶ 45. I respectfully dissent. Under Strickland, Davis must prove both deficiency and prejudice. Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984). Certainly, Davis’s counsel rendered deficient performance by failing to investigate and develop mitigation evidence. But I would find from the mitigation evidence presented at the evidentiary hearing that there is no reasonable probability of a different outcome had the evidence been presented in the penalty phase of Davis’s trial. See id. Therefore, I would affirm the denial of post-conviction relief.
¶ 46. Davis claims that his trial counsel performed deficiently in (1) failing to obtain his military, school, or medical records; and (2) failing to investigate, develop, and present mitigation witnesses at the sentencing phase of his trial. I agree with the majority’s finding that counsel’s performance in these areas “fell below an objective standard of reasonableness.” Id. There is a strong presumption that “counsel’s conduct falls within the wide range of reasonable professional assistance.” Id. If counsel’s decision not to present mitigating evidence resulted from sound trial strategy, then counsel’s decision was not deficient performance. Havard v. State, 988 So.2d 822, 334 (Miss.2008) (citations omitted). We have held that, for an attorney’s conduct to fall within the wide range of reasonable assistance:
at a minimum, counsel has a duty to interview potential witnesses and to make independent investigation of the facts and circumstances of the case. The decision not to interview witnesses, particularly your own, cannot be considered an effective strategic choice.
Johns v. State, 926 So.2d 188, 196 (Miss.2006) (citations omitted) (emphasis in original). “While counsel is not required to exhaust every conceivable avenue of investigation, he or she must at least conduct sufficient investigation to make an informed evaluation about potential defenses.” Ross v. State, 954 So.2d 968, 1005 (Miss.2007) (citation omitted). Applying these standards, the failure of Davis’s *475 counsel, Shaddock, to obtain his client’s military, school, and medical records was deficient performance.
¶ 47. Also, Davis showed that Shad-dock’s inquiry into potential mitigation witnesses, development of mitigation-witness testimony, and presentation of mitigation-witness evidence constituted deficient performance. Davis testified that Shaddock had inquired about mitigation witnesses for the first time on the day before the sentencing hearing, but confirmed Shad-dock’s account that, in response, he had identified only his mother, his sister, and Clayton Evans. Davis’s mother and sister testified that Shaddock never had asked them about additional mitigation witnesses. Thus, Shaddock made no independent investigation into the existence of mitigation witnesses. Especially in light of Davis’s eligibility for the death penalty, this was not an adequate investigation into mitigating evidence. “When counsel makes choices of which witnesses to use or not to use, those choices must be based on counsel’s proper investigation.” Johns, 926 So.2d at 196.
¶ 48. Yet, a showing of deficient performance does not meet the Strickland test unless the petitioner also has made a sufficient showing that he was prejudiced by the deficiency. Strickland, 466 U.S. at 669, 104 S.Ct. 2052. This Court determines prejudice by comparing the mitigating evidence presented in post-conviction-relief proceedings with the mitigating evidence actually presented at the sentencing hearing. Neal v. Puckett, 286 F.3d 230, 241 (5th Cir.2002). We then determine whether the “additional mitigating evidence [is] so compelling that there is a reasonable probability at least one juror could reasonably have determined that, because of [the defendant’s] reduced moral culpability, death was not an appropriate sentence.” Id.
¶ 49. At the evidentiary hearing, Davis failed to present the military, school, and medical records he contends Shaddock should have obtained. Therefore, the prejudicial effect of counsel’s failure to obtain these records before Davis’s sentencing hearing could not be ascertained. And, as the circuit court determined, the testimony of the mitigation witnesses Davis presented at the evidentiary hearing was cumulative of the testimony that was, in fact, presented at the sentencing phase of his trial. Therefore, “even if [Davis’s] counsel performed deficiently by failing to dig deeper, he suffered no prejudice as a result[,]” because “the[ hearing witnesses’] testimony would have added nothing of value.” Bobby v. Van Hook, — U.S. -, 130 S.Ct. 13, 19, 175 L.Ed.2d 255 (2009).
¶ 50. Davis’s mitigation evidence at trial included the testimony of a police investigator that Davis had no prior felony offenses, and testimony from his mother, sister, and childhood landlord regarding Davis’s employment history, military service, and nonviolent, generous character. At the evidentiary hearing, Davis presented the testimony of friends, family, former employers, and a sheriffs department employee who had met Davis when he was incarcerated. The sheriffs department employee testified about Davis’s trusty status while incarcerated, and the remaining witnesses testified about Davis’s childhood with an abusive father and his nonviolent, generous character, based on their experiences with Davis years before he murdered Hillman. I find that the witnesses’ testimony “in this post-conviction proceeding contain[s] information that is cumulative of the testimony given at trial.” Havard, 988 So.2d at 337. Further, as this Court recognized in Havard, testimony by a defendant’s friends and family is “the sort of evidence that a jury naturally *476 would tend to discount as self-serving.” Id. at 339 (quoting Skipper v. South Carolina, 476 U.S. 1, 8, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986)). Thus, I agree with the circuit court’s holding that:
the Court does not find that it was the type of evidence that would make a difference in the jury’s original verdict. In other words, the evidence was not so overwhelming or different than the jury heard at the trial in this matter.... Without more the Court finds that there has been no undermining of the confidence in the outcome in this case when all circumstances are taken into account.
Because the potential mitigation witnesses’ testimony was repetitive of the testimony offered at Davis’s sentencing hearing, I would find that Davis has failed to show prejudice. I believe there is no reasonable probability that at least one juror reasonably could have determined that, because of Davis’s reduced moral culpability, death was not an appropriate sentence.
PIERCE, J„ JOINS THIS OPINION.